**BLD-280**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2961
_____

KORAN CAIN,
                        Appellant

v.

CITY OF PHILADELPHIA POLICE DEPARTMENT;
P/O LECIA, #9875;
P/O YOUNG, #7442
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-04490)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed October 12, 2011 )
_____

OPINION
_____

PER CURIAM.

On July 15, 2011, Koran Cain filed a pro se civil rights complaint in the District

1

Court for the Eastern District of Pennsylvania naming the City of Philadelphia Police Department and two of its officers, Lecia and Young, as defendants. According to the complaint, Cain seeks relief for an alleged unlawful arrest that occurred twenty years ago, on August 16, 1991. Cain alleges that he was arrested and charged with possession of two grams of cocaine, but that Officer Lecia planted the drugs, Officer Young falsified public records, and both officers lied under oath.

The District Court granted Cain leave to proceed in forma pauperis and dismissed the complaint sua sponte under 28 U.S.C. § 1915(e), holding that any constitutional claims arising out of Cain's 1991 arrest are now time-barred under the two-year statute of limitations for actions under 42 U.S.C. § 1983. Cain timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action under § 1983 "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Del. v. Phila., 142 F.3d 582, 599 (3d Cir. 1998). Cain's complaint makes it clear that any cause of action arising out of his 1991 arrest accrued more than two years prior to his filing of this suit in 2011. See Wallace v. Kato, 549 U.S. 384, 391-92 (2007) (holding that "the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. Since more than two years elapsed between that date and the filing of this suit … the action was time barred.").

2

Where a statute of limitations defense is apparent on the face of the complaint, a district court may dismiss the suit sua sponte under § 1915(e). See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). The District Court properly followed that course here. Because Cain's appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4.